All right, the next case we're going to hear this morning is United States v. Miller, and Ms. Powell, whenever you're ready, we'll hear from you. Good morning, and may it please the Court. I'm Sarah Powell, appointed counsel under the Criminal Justice Act from Montes Terrell Miller. Mr. Miller challenges his conviction under REHAFE in the United States and the procedural and substantive unreasonableness of the District Court's major upward variance sentence of six years in prison. This Court ordered supplemental briefing on the intervening decision, United States v. Campbell, and its application to North Carolina drug offenses involving delivery. Miller has also asked the Court to assign a different judge in any further proceedings. Beginning with Miller's challenge to his conviction under REHAFE, even if plain error applies, which Miller contends it does not, he has met the standard under Greer v. United States. The errors are plain, and Miller has shown that the errors affected his substantial rights. Let's identify the error. I will, Your Honor. I must say, I read the entire proceedings, and I thought the Court explained very well to Mr. Miller the elements of the offense, including the REHAFE, saying in two different ways. First, that the prior crime had to have a sentence of at least one year, and he says, in other words, a felony, and went on to explain that he had no of that status, and I don't understand where the REHAFE error is. Of course. It is our view that as a matter of plain English and grammar, what the Court said at the guilty plea, but first, what the government's indictment said, or should, I guess, since you addressed... He pled guilty, and the Court advised him of the elements of the offense before he pled guilty. Yes. And so the question is, what did the Court misstate? Yes. In the sentence, there was a subject, there was, in other words... Just read that sentence. The government would be required to prove beyond a reasonable doubt that you were previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in other words, comma, a felony offense. What's wrong with that? And you knew of your status as a convicted felon. The first part, in other words, as we noted in briefing, is commonly understood to modify, rename, clarify what precedes it. It's just explaining that a conviction for a sentence exceeding one year is a felony. It says, in other words, a felony. And that happens to be the way the federal law defines a felony. That is true. If both of them are equal, then which position follows, in other words, is irrelevant. Other words is saying it's the same thing. He's talking to somebody. He says, have you been convicted of a crime in the past which was subject to one year, or in other words, a felony? Yes. And the guy says, yeah, I was. Yes. And our view is, as we showed in numerous examples of indictments over all the 94 districts. Except we're talking about a guilty plea, and we're talking about the advice he was given, and that he pled guilty after being given that advice. Okay. Yeah. So do you have any other rehafe argument besides that? Yes. Why don't you make it? Okay. But if I could finish your question quickly. In other words, as the cases we cited show, grammatically modifies what precedes it, redefines, clarifies what precedes it. We have the cases cited in our brief. All right. Let's just say I agree with you. Now, what's wrong with that? It's saying this term, legal, complex legal term, a crime punishable by imprisonment for a term exceeding one year, means felony. Right. And that's exactly what the federal law says. Under federal law, that's what a felony is. He's explaining the federal law. He's explaining the elements of the offense, 922G. Yes, I agree. And he's saying, he's giving you the elements, and the federal law defines it that way. Now, I don't understand what the problem is. The word felony does not appear in 922G anywhere. It is a shorthand, easy, useful way to refer to a very long thing. He's saying, I'm going to call this a felony. He redefines the term. And then he says, you had a gun with a felony. And, of course, every opinion we do, possession of a gun by a felon, convicted felon, is the violation. Yes. But that's because the federal law defines the word felony to be exactly that.  But North Carolina does not define a felony that way. We're not under North Carolina law. No. But we're asking about rehafe, about what you might have understood. Ma'am, we're talking about a 922G element, and that is a federal element. And the federal element is that it needs to have an offense committed for exceeding one year, in other words, a felony. And that's what the court told him. Yes. And you say that's wrong. I'm not addressing the indictment problem. That's an indictment. This is a plea agreement. There is a language in the indictment that is identical to what the court said, and it is always in the reverse. It is a felony offense, comma, in other words, a crime punishable for more than one year in prison. I think we understand that part of your argument. It's up to you. You can argue as long as you want, but you might want to consider moving on to something else. Okay. Thank you, Your Honor. The second error is the indictment was erroneous. Again, it told him that he was guilty under 922 as long as he knew of his state prior felony offense. And I realize these terms are exchanged. As the court has said recently in Hayward and United States v. Baronet, the term felony is imprecise and overbroad. It is not the legal term. It is a legal term. It's used in the federal statutes. A crime punishable by more than one year in prison, et cetera, et cetera. And even Hayward recognized. And the federal statutes define a felony. Yes, as more than one year. And you define it as a crime exceeding one year. And that word is not used in 922G or in 920A. The Supreme Court used it in Greer because they said individuals who are convicted felons ordinarily know that they are convicted felons. That is correct. And it is a convenient shorthand, as Hayward and others have recognized. If the Supreme Court uses it, don't you think we might want to follow what they say? They were not deciding what constituted that element. They were talking about it usefully, quickly in the context of other things. You know, the nice thing about the instruction the district court gave is he told them both. And he says they're equivalent, which is exactly correct. But they are not equivalent. A felony under state, a conviction under 920 is state law. And state law defines a felony not in terms of any imprisonment. Because state laws will call something a misdemeanor. We identify a felony under federal law based on the term. And it has to exceed one year. So if a state statute says you can be guilty and serve a sentence up to three years and it's a misdemeanor, we call it a felony for purposes of 922G. Yes, I understand that. Okay, well, you keep going back to say the state law. That term is nowhere in the statute. And it is, as Jerome B. U.S. said, Burgess B. U.S., Hayward, and Baronet noticed, it's overbroad. It's imprecise. It is not the equivalent. May I continue? Please. Okay, thank you. Under REHAFE, it is not enough to show that he was a convicted felon. Under any name, state law, or federal offense, a convicted felon is not the same thing as numerous cases have said. What matters is if the person knew that that felony offense faced the possibility of more than one year in prison for him personally. It is not merely semantic or quibbling with words. For decades, it has been the case in North Carolina, as we showed in briefing, that more than 60% of all felony quote-unquote convictions in North Carolina receive sentences of probation, which means under state law it's a community or intermediate punishment. You know, the federal law says it has to be punishable, not what he received. Yes, I'm not arguing about whether or not it qualifies as a predicament. This man received a sentence exceeding one year, and he was told he was received a sentence exceeding one year. Yes. In the context of REHAFE, which I'm getting to the factual basis, that matters. So defendants, all 60% of North Carolina... Mr. Miller had an attorney, didn't he? He had an appointed attorney. He said he was satisfied with his attorney's assistance. Correct. His attorney had explained to him the offense and what it required and what he was pleading guilty to? He did. He also, the plea agreement never gave the actual elements of the offense. It said they've been explained to him by his attorney. So nowhere on the record is there the actual correct elements of the 922G offense. So looking at the sufficiency of the factual basis, whether or not a crime qualifies as a predicate is relevant. And significantly, the characteristics of the felonies, the prior convictions, the characteristics of the individual person. As I mentioned, for decades in North Carolina, decades, it has been the case that more than 60% of North Carolina felons receive what by law must be totally suspended, intermediate or community punishment. So what difference does that make in this context? When thinking about the REHAFE knowledge of status, whether or not the government's factual basis proved the REHAFE element, many cases today, it's been nearly four years since REHAFE was decided and there are numerous cases that illustrate. This is not a case of proof. This is a case of explaining to Mr. Miller that the elements of the crime before he chose to plead and explaining that he had to have committed an offense that had a sentence punishable exceeding one year, in other words, a felony. That's what the court told him and he said, I understand that and I plead guilty. We disagree on what he was told. We think the language used in the sources we've cited, none of them, the Middle District of North Carolina is unique and the statements of the judge under plain English clarified and changed the meaning of the first term. Do you want to talk about any of the sentencing before you sit down? I would like to quickly go through the factual basis part of the argument. The mens rea element was insufficient. You don't want to talk about the sentencing today? No, I would love to. If the court would be interested in talking about Campbell, I would like the supplemental briefing. I'm happy to. Well, it's your argument. You have a couple minutes left and I would direct it to where you think you have the best, strongest arguments to make. Well, I actually do think, as Hayward and Berenet recognized, Greer refused to allow a legal presumption that when a person has a felony conviction, if we want to call it that, then they must also have the mens rea under rehave. There is no legal presumption. Recent cases in this court have recognized, unless we close the door, unless every felon legally, as a matter of law, has the rehave element of knowledge, as long as he has a felony conviction, I want to emphasize that Mr. Miller is that case. He is the rare paradigm. If there's going to be an exception for when a person actually has a felony offense in their prior conviction, but yet meets plain error under rehave, it is Mr. Miller. He never spent a day of his life in prison before the federal convictions. He remained out on release throughout the federal charges and had no violations of any kind. He received only one suspended sentence. He served 12 months in probation. We know all that. If you want to say something about Campbell and Groves, I suggest you move on to that. Thank you. Turning to the challenge, particularly under Campbell, to the procedural and substantive unreasonableness, Miller demonstrated that the North Carolina delivery offense punishes conduct that is broader than the federal drug distribution equivalent, 841A. It punishes conduct covered in 841 and 846, the inchoate offense under federal law. The North Carolina conviction for delivery includes, as State v. Beam says, the attempted delivery offense because of the attempted transfer language. The government has asked the court to interpret an attempted transfer in the same way that other federal and state jurisdictions some have interpreted it, and that is not correct. Well, a distinguishing factor in Groves was that to read it as you would project, that would have rendered Section 846 superfluous. And it looks like to me Section 90-98 of the North Carolina Code is basically a carbon copy of Section 846 in the U.S. Code. So why wouldn't the same argument apply here? It can't apply here because of the case law that we've cited that says, under North Carolina law, when there's attempted conduct in the definition of a statute, the courts construe it as the legislature's unequivocal attempt to put the inchoate offense attempt and punish it as seriously as the completed offense, and that is what they've done. State v. Beam took that settled principle and applied it to delivery. I've also shown there is not one case involving charges under 90-98 for attempted delivery. That's because, as the state case law makes clear, that attempted transfer is the legislature's intent to embed the inchoate offense in the substance of crime. Okay. Thank you. You have some rebuttal. Thank you. All right. Ms. Reese. Good morning, and may it please the Court. Morgan Reese on behalf of the United States from the Middle District of North Carolina. Your Honor, there are several issues in this case. I am going to turn first to the issue that comprised most of my opposing counsel's discussion this morning. However, if this Court wishes to turn to another issue, please inquire, and I will be happy to turn to it at that time. So turning first to the issue that we've discussed this morning, which is the sufficiency of the factual basis. And plainly stated, there is no error here. The factual basis was sufficient, and the District Court was subjectively satisfied that the defendant here, Mr. Miller, knew he had been convicted of a crime punishable by a term exceeding one year. Opposing counsel in briefing suggested some other standards of review, but the government suggests, as I think this Court has acknowledged, the standard here is plain error. So the inquiry for this Court is first whether, of course, there is an error. And simply put, as I've said, there is not. What this Court can review is the evidence in the record. So we have the written factual basis provided by the government, as well as then the plea colloquy conducted by the District Court. So turning first to the factual basis itself, the language in the factual basis, as found in the joint appendix at 107 through 114, provides what the defendant was convicted of in state court. It provides that he was convicted of the sell or deliver of the Schedule II controlled substance, his sentence was 10 to 25 months, that was suspended for a term of probation for 12 months, and then he also signed a plea transcript in which he indicated he understood that the maximum possible punishment for his offenses were 47 and 39 months, because there was another conviction for the flea to elude on the same judgment. So right there, right off the bat, the written factual basis is sufficient. But then as this Court has referred to, the Rule 11 hearing, which he was represented by counsel, and he advised that he was satisfied with his counsel's representation and had no inquiries. The plea colloquy tells us, first, the defense attorney advised the court the defendant understood the charges, the plea was knowing and voluntary. Second, the defendant himself responded to questions from the court that he had first reviewed the indictment. Second, he understood the charges, he was fully satisfied with the representation of his attorney, and he was pleading guilty because he was, in fact, guilty. All of these statements are afforded the presumption of truthfulness, and that's the standard this Court should apply when evaluating that Rule 11 hearing. As this Court has pointed out, at the change of plea hearing, the District Court then directly advised the defendant of the elements of a 922G1 offense. And the language that's relevant here that this Court has pointed out is that the Court says, convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in other words, a felony offense. That is the element that's at issue, the defendant was explicitly advised of that, and then the Court went on to say, and advise of the element that the defendant had knowledge of that felony conviction. And that was on page 132 through 133 of the record. Your Honor, here there simply was no error in the factual basis. There was no error in the plea colloquy by the District Court. All of the evidence suggests that the District Court was subjectively satisfied and that the defendant simply cannot prove an error that is plain under the plain error review standard. Your Honors, I would be happy to turn to any questions regarding any of the other applications of the guidelines. I do want to briefly address one point that opposing counsel made regarding the Beam case for the controlled substance offense analysis. As this Court has pointed out, Groves stood for the proposition that the attempt offense, which is punished separately federally, would have been rendered superfluous by an alternate reading as suggested in Campbell. The North Carolina statutes are the exact same. Now certainly Beam discusses this action of attempted transfer of drugs, and if the Court reads that, the language that the Court of Appeals, the North Carolina Court of Appeals uses, is consistent with this understanding of attempted transfer, not an attempted delivery. So that case, in and of itself, doesn't invalidate this Court applying the logic of Groves. I did want to ask about that because it does seem most of the North Carolina cases talk about it in those terms. An attempted transfer is a completed delivery under North Carolina law. That's CAR in other cases. Beam says an attempted delivery is enough, is a delivery. They don't explicitly talk about the attempt statute. They don't reconcile the two, but we're supposed to be trying to guess what North Carolina courts would do if we don't have clear guidance, and I wanted to hear your response on how, putting all this together, how should we guess what North Carolina would do? Certainly, Your Honor. Well, I think, first of all, we have to look to the structure of the statutes. So the statutes, much like the federal ones, do criminalize attempts separately. So I'll start off there. Beam uses that language, but when you dive into the facts of Beam, you can see that that is the concept of an attempted transfer. So there is an arrangement between an undercover officer and the defendant in that case, and then they call for the takedown right before the drugs are actually physically handed off. So the concept of attempted transfer that we've listed and explained in our brief, which is consistent with this court's reasoning in Groves, involves the actual drugs, but it's something preventing them from being transferred. And so that's really what Beam discusses. The court in Beam, the North Carolina Court of Appeals, not the Supreme Court in Beam, did discuss that, and they substituted the word delivery. That doesn't invalidate this court applying the Groves logic here, because the conduct underlying that is consistent, as I said, with attempted transfer. And to Groves' point, if we have this transfer, excuse me, this attempt statute, but then we also have the substance statute, reading it contrary to that would render the attempt statute superfluous, which is really contradictory to how we're intended to read statutes. Entirely, right, because the attempt statute would still apply to manufacture and other parts of that statute. But that's consistent with the reasoning of Groves, and maybe the question is just whether this statutory scheme looks more like Groves or Campbell. Yes, Your Honor, and certainly in the Campbell briefing, the parties agreed in that instance that the inchoate attempt, the analysis really wasn't quite done in the Campbell case, that maybe it was done in the Groves case. So I don't know that we can apply any sort of logic from Campbell that would necessarily invalidate our scheme in North Carolina. So I would just encourage the court, when considering this question of BEAM, to consider the intent of the court when applying the statutes, which was that, in that instance, that was very clearly an attempted transfer, which is consistent with North Carolina's definition of delivery. I would also put forth to this court that perhaps this court may not even need to address that question, because if we consider that this was a Class G conviction for a sale of a controlled substance, this court can consider the analysis under sale, and there are cases, such as Chevalier, which demonstrate that attempted sale is punished in North Carolina. But attempted sale, North Carolina isn't a sale, just a delivery with money. Yes, Your Honor. The definition of sale in North Carolina is delivery of something for a receipt of value. So yes, absolutely. So you could have an attempted transfer for cash. That's right, Your Honor. And so I do think that that may be a way that this court might not even necessarily need to reach the issue of delivery, but I do still think that even if this court does reach that issue, BEAM doesn't invalidate the Groves reasoning, and I do think that's still applicable here based upon the substantive nature of the BEAM case. Unless this court has any further questions on any of these issues... I do. With respect to the criminal history, do I understand your position that we're going to have to send it back on that for resentencing? Yes, Your Honor, that is the submission we've offered this court. The government has determined there was an error based upon the fact that it appears the probation, it was a warrant rather than a probation violation. It was an order for arrest for missing a court appearance, as opposed to a probation violation, which I think under the guidelines definition of what can qualify, would necessitate a remand for just that limited issue. Well, might that also affect the variance? Well, yes, certainly. The whole resentencing, the judge will have to recalculate and resentence. Yes, Your Honor. Yes, Your Honor. I think the court's analysis there is absolutely true, and we would suggest that a remand is appropriate for that. All right, thank you. Thank you, Your Honors. Ms. Powell? Thank you. Addressing counsel's comments about BEAM. Again, BEAM is completely in line with every North Carolina Supreme Court case that says, for decades, when attempted conduct is in the statutory definition of an offense, that is the legislature's intent to make an embedded inchoate attempt statute, and that's exactly what BEAM is doing. And I showed a number of other cases in other contexts where they say take or attempted to take, et cetera. The fact that 9098 has never been used to charge an attempted deliver offense means that Groves just simply is irrelevant. They are not used. The actual language of the statute itself, 9098, says except as otherwise provided in this article, this applies. And the cases have said that kind of language is meaning when there's attempted conduct that it's expressly provided for, that's when it applies. So how do you account for the C, section 846, that seems similar in the offense defined in the subchapter? The language may be similar, but the way every state has interpreted similar language can be wildly divergent. As we discussed, some jurisdictions do exactly this, the government's position, while others that we noted read the attempted conduct as an embedded statute, inchoate statute, and treat it that way. They apply the elements of their inchoate offense, whether it's overt act or substantial step. So there is a divergence here, and North Carolina is not the same, despite the same language in how they treat this kind of statute. Moore, State v. Moore, has said unequivocally that it doesn't matter what you prove. You can prove sale, you can prove delivery, you can prove either or both, and thus the bill of information, regardless of what the G says on his automated entered judgment for the sale delivery, the bill of information the government actually introduced late in this case, the offense conduct is sale or delivery, and thus regardless of whether they call it class G or not, his offense was for the broader sale or delivery under United States v. Vann and other cases. So it would not render any language superfluous because the entire North Carolina criminal structure treats in any case, whether it's attempted safe cracking, larceny, delivery, when there's attempted language in this definition of the statute, that's an embedded inchoate offense. And finally, I wanted, in the time remaining, to try to emphasize the difference between a felon and a crime punishable for more than one year. They are not the same thing. And so it would be as if I said what the state judge said. Ms. Powell, you can argue that, but you know when the federal statute defines what a felony is, and that applies to 922G, it does not. No, I disagree respectfully. Jerome v. United States v. Burgess v. United States discussed at length why it used to be called any felony. That was changed because of the vagaries and disproportionate-ness of that understanding of that word. Even in the 40s, with Jerome v. United States and Burgess v. United States, that word felony was recognized to be squishy and open to the vagaries of different states. And so they used a technical term, crime punishable, etc. If I had said you must not eat lamb, beef, or venison, in other words, any meat, I have modified what I just said with what followed, as is all those cases that I showed. And that is what the district court did. The 922 does not use felony as it's defined in federal law expressly, and the reason is from those early amendments to remove it because of the variances of state law. And that is my time, but I thank you very much. Thank you, Ms. Powell. I want to, you're court-appointed? Yes. And I want to recognize that service. It's very, very important to make our system work, and we very much appreciate your service to the court and to your client, of course. We'll come down, great counsel, and take a brief recess. This honorable court will take a brief recess.
judges: Paul V. Niemeyer, G. Steven Agee, Allison J. Rushing